UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEE SIEGEL, individually and on
behalf of others similarly situated,

                        Plaintiffs,

              V.                                 1:13-cv-01351-DLC
                                                       ECF Case

BLOOMBERG L.P.,

                        Defendant.

## FIRST AMENDED COMPLAINT

**INTRODUCTION**

1.     This is a Fair Labor Standards Act collective action and a New York Labor Law Rule 23 class action brought by "Service Desk Representatives" for Defendant's unlawful refusal to pay overtime at the rate of time and one half for all hours worked over forty in a work week.

2.     Plaintiffs seek unpaid overtime wages, liquidated damages, costs and attorneys' fees as well as declaratory and injunctive relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.* and New York Labor Law §§652, 663 and implementing regulations including but not limited to 12 NYCRR part 142.

**JURISDICTION**

3.     Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

4.     This Court has supplemental jurisdiction over any state claim raised by virtue of 28 U.S.C. §1367(a).

**VENUE**

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b). Plaintiffs worked for Defendant in this District. The cause of action arose in this District. Defendant resides in this District.

**PARTIES**

    **A.    Plaintiffs**

6. The named Plaintiff LEE SIEGEL was an employee of Defendant. A Consent to Sue for this named Plaintiff is attached at the back of this complaint.

7. Plaintiff SIEGEL is a resident of New Jersey.

8. Plaintiff was engaged in commerce while working for Defendant.

9. The named Plaintiff represents a class of service desk representatives who were not paid time and one half for hours over 40 worked in one or more weeks.

10. The term "Plaintiffs" as used in this complaint refers to the named Plaintiff, any additional represented parties pursuant to the collective action provision of 29 U.S.C. §216(b), and to such members of the class brought pursuant to Fed. R. Civ. P. Rule 23, as described below, individually, collectively, or in any combination.

    **B.    Represented Parties under the FLSA**

11. The named Plaintiff brings this case as a collective action for class members consisting of "Service Desk Representatives" in the U.S. who worked more than 40 hours in a pay week without payment of overtime at the rate of time and one-half within the three years preceding the filing of a consent to sue by such individual.

C.  **Class Plaintiffs under the New York Overtime Law**

12. The named Plaintiff brings this case as a Rule 23 Class Action for class members consisting of "Service Desk Representatives" also known as "help desk" employees working in New York who worked more than 40 hours in a pay week without payment of overtime at the rate of time and one-half at any time within the six years preceding the filing of this Complaint.

13. Upon information and belief, the class is composed of more than fifty individuals.

14. There are questions of law and fact common to the class, including but not limited to whether the Plaintiffs were entitled to overtime premium pay, whether the Plaintiffs worked off the clock, whether the Defendant gave Plaintiffs "comp time" in lieu of overtime.

15. The claims of the named Plaintiffs are typical of the claims of the class.

16. The named Plaintiffs and their counsel will adequately protect the interests of the class.

17. Common questions of law or fact predominate over individual questions and a class action is superior to other methods for the fair and efficient adjudication of the controversy.

D.  **Defendant**

18. Defendant BLOOMBERG L.P. is a Delaware company registered in New York. The Defendant lists its business address as 731 Lexington Avenue, New York, New York 10022.

19. Defendant's business is a multinational mass media corporation that provides financial software tools such as analytics and equity trading platforms, data services and

news to financial companies and organizations around the world through the Bloomberg Terminal.

20. Upon information and belief, Defendant grossed more than $500,000 in the past fiscal year.

21. Defendant operates an enterprise engaged in commerce within the meaning of the FLSA.

**FACTS**

22. Plaintiff was employed by Defendant.

23. Plaintiff SIEGEL was employed by Defendant in Princeton, New Jersey and New York City.

24. Plaintiff SIEGEL began the Help Desk position in approximately September 9, 2010. He was on medical leave for that position from approximately December 2010-July 2011. He continued working at the Help Desk until he was terminated in June 2012. He worked primarily in Bloomberg's office in Princeton, New Jersey. He also worked in the NYC office.

25. Plaintiff was primarily employed by Defendant to provide computer support for Defendant's employees who were having problems with their desk top computers or mobile devises.

26. Plaintiffs generally have the position title of "Service Desk Representative," "Help Desk Representative," or "PC Help Desk Employee."

27. Plaintiffs regularly worked more than 40 hours per week for Defendant.

28. Plaintiffs were generally scheduled for five eight hour shifts (with an unpaid lunch hour during the work day).

29. Plaintiffs were required to be at work before their shift began to log into Defendant's computer system.

30. Plaintiffs were required to work past the end of their shifts to complete jobs.

31. Plaintiffs were required to work during their lunch hours to complete jobs.

32. Plaintiffs generally worked approximately 2-3 or more hours of extra work each week without receiving overtime compensation.

33. Defendant knew or should have known that Plaintiffs worked beyond their shift.

34. Defendant suffered or permitted Plaintiffs to work for its benefit beyond their shift.

35. Defendant required Plaintiffs to work on weekends and holidays in addition to their regular shift, for which Defendant failed to pay overtime, but for which it allowed Plaintiffs to take "comp time" in a later pay week, under various restrictive conditions.

36. Plaintiff SIEGEL worked for Defendant beginning on or about January, 20, 1998. His employment with Defendant ended on or about June 26, 2012.

37. Defendant paid Plaintiffs a salary rate for all hours worked.

38. The salary paid to Plaintiffs by Defendant was intended to cover a forty hour workweek.

39. Defendant failed to pay Plaintiffs overtime compensation at the rate of time and one-half for all hours worked over 40 in a workweek.

40. Defendant failed to pay Plaintiffs any compensation for their hours over 40 worked in a work week.

41. Defendant's failure to pay Plaintiffs the proper wages required by law was willful.

42. All actions and omissions described in this complaint were made by Defendant directly or through its supervisory employees and agents.

## CAUSES OF ACTION

## (OVERTIME)

43. Defendant failed to pay premium overtime wages to the Plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. §203, 207 et seq. and its implementing regulations.

44. Defendant's failure to comply with the FLSA caused Plaintiffs to suffer loss of wages and interest thereon.

45. Defendant failed to pay overtime to the named Plaintiffs and other New York Plaintiffs in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, including but not limited to 12 NYCRR Part 142.

46. Defendant's failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. §255 and Labor Law §662.

47. Defendant's failure to comply with the NY Labor Law minimum wage and overtime protections caused New York Plaintiffs to suffer loss of wages and interest thereon.

48. In light of Defendant's longstanding and ongoing violations of New York Labor Law and applicable regulations, Defendant's failure to pay current employees their wages due has caused and is causing irreparable injury to those Class members who are currently employed by Defendant, and unless enjoined, will cause further irreparable injury, leaving those Class members with no adequate remedy at law.

WHEREFORE, Plaintiffs request that this Court enter an order:

A. Declaring that the Defendant violated the Fair Labor Standards Act and New York Labor Law;

B. Declaring that the Defendant's violations of overtime protections were willful;

C. Granting judgment to the Plaintiffs for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages and awarding the Plaintiffs' costs and reasonable attorneys' fees;

D. Granting judgment to the New York Plaintiffs for their claims of unpaid wages as secured by the New York Labor Law as well as an equal amount in liquidated damages and awarding the Plaintiffs' costs and reasonable attorneys' fees;

E. Enjoining Defendant to cease the practices found illegal or in violation of the rights of the Class; and

F. Granting such further relief as the Court finds just.

Dated: April 10, 2013

Respectfully Submitted,

Dan Getman (DG4613)
Getman Sweeney PLLC
9 Paradies Lane
New Paltz, NY 12561
(845) 255-9370

ATTORNEYS FOR PLAINTIFFS