```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
LEE SIEGEL, individually and on behalf  :
of others similarly situated,           :
                                        :    13 Civ. 1351 (DLC)
                   Plaintiff,           :
                                        :    OPINION & ORDER
         -v-                            :
                                        :
BLOOMBERG L.P.,                         :
                                        :
                   Defendant.           :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:

Dan Getman
Lesley Tse
Getman Sweeney, PLLC
9 Paradies Lane
New Paltz, NY 12561

For Defendant:

Thomas H. Golden
Deirdre N. Hykal
Colleen M. O'Brien
Jill K. Grant
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019

DENISE COTE, District Judge:

   Plaintiff Lee Siegel ("Siegel") brings this case as a collective action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 et seq., and the New York Labor Law ("NYLL"), Art. 19 § 650 et seq., against defendant Bloomberg L.P. ("Bloomberg"). On May 20, 2013, Siegel moved for conditional

1

certification of this action as an FLSA collective action,[1] and for class certification of his NYLL claims pursuant to Rules 23(a) and 23(b)(3), Fed. R. Civ. P.

Siegel seeks to certify a class consisting of all Service Desk Representatives who are or were employed by Bloomberg ("Bloomberg SDRs") and who were not paid overtime at the rate of time-and-one-half for all hours worked over forty in one or more weeks.  Bloomberg SDRs are PC support staff members who provide technical support for defendant's employees.  Siegel worked at Bloomberg from January 1998 until June 26, 2012.  He worked as a Bloomberg SDR from September 2010.

The motion was fully submitted on June 21.  For the reasons that follow, Siegel's motion to certify a class is denied.  His request to send notice of the FLSA action is granted.

   A.   Rule 23 Class Certification

"A district court may only certify a class if it determines that each Rule 23 requirement is met."  Levitt v. J.P. Morgan Secs., Inc., 710 F.3d 454, 464 (2d Cir. 2013).  Thus, the plaintiff will be able to sue as a representative of a class

> only if (1) the class is so numerous that joinder of all
> members is impracticable, (2) there are questions of law or
> fact common to the class, (3) the claims or defenses of the
> representative parties are typical of the claims or defenses

---

[1] Although Siegel moves for "conditional certification" of this case as a collective action, neither the FLSA nor the Federal Rules of Civil Procedure provide for the certification of an FLSA collective action.  This Opinion will treat Siegel's motion as a request for authorization of notice under the FLSA.  See Amendola v. Bristol-Myers Squibb Co., 558 F.Supp.2d 459, 463 n.1 (S.D.N.Y. 2008).

>of the class, and (4) the representative parties will fairly
>and adequately protect the interests of the class.

Rule 23(a), Fed. R. Civ. P.

If the Rule 23(a) criteria are satisfied, an action may be maintained as a class action only if it also qualifies under at least one of the categories provided in Rule 23(b).  Rule 23(b), Fed. R. Civ. P.; Levitt, 710 F.3d at 464.  In this case, Siegel seeks to certify a class under Rule 23(a) and 23(b)(3).  Rule 23(b)(3) permits certification "if the questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class litigation is superior to other available methods for fairly and efficiently adjudicating the controversy."  Rule 23(b)(3), Fed. R. Civ. P.

"In evaluating a motion for class certification, the district court is required to make a definitive assessment of Rule 23 requirements, notwithstanding their overlap with merits issues, and must resolve material factual disputes relevant to each Rule 23 requirement."  Levitt, 710 F.3d at 464-65 (citation omitted).  "The Rule 23 requirements must be established by at least a preponderance of the evidence."  Id. at 465 (citation omitted).  In other words, the district judge must "receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met."  Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc., 546 F.3d 196, 204 (2d Cir. 2008) (citation omitted).  "The burden of

proving compliance with all of the requirements of Rule 23 rests with the party moving for certification." Levitt, 710 F.3d at 465.

Here, there are too few Bloomberg SDRs to justify certification of a class.  Rule 23(a) requires a plaintiff to show that the numerosity of the putative class makes joinder of all class members "impracticable."  To satisfy this requirement, joinder need not be "impossible," but "the difficulty or inconvenience of joining all members of the class [must] make use of the class action appropriate." Novella v. Westchester Cnty., 661 F.3d 128, 143 (2d Cir. 2011) (citation omitted).  Numerosity is presumed when a class consists of forty or more members. Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995).  Although courts do not require "evidence of exact class size or identity of class members to satisfy the numerosity requirement," Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993), a party seeking class certification must prove "there are in fact sufficiently numerous parties" to satisfy the Rule.  Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011).

Siegel's putative class consists of all current and former Bloomberg SDRs who failed to receive overtime pay at a rate of time-and-one-half for hours worked over forty in one or more weeks.  Siegel has presented no evidence as to how many Bloomberg SDRs actually worked overtime hours, but at most, thirty-three

4

Bloomberg SDRs would be eligible to join this class action.[2] This number is not sufficient to satisfy the numerosity requirement in this case.  Cf. Davis v. Lenox Hill Hosp., No. 03 Civ. 3746 (DLC), 2004 WL 1926086, at *5 (S.D.N.Y. Aug. 31, 2004) (potential class as high as 31 not sufficient).

Nor do other factors relevant to the practicability of joinder support certification of the proposed class in this case. Because a "[d]etermination of practicability depends on all the circumstances surrounding a case," courts also look to considerations such as the "judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, [and] the ability of claimants to institute individual suits," in determining whether the numerosity requirement has been met. Robidoux, 987 F.2d at 936.  Courts are reminded, however, that "class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."  Wal-Mart, 131 S.Ct at 2550 (citation omitted).

Siegel appears principally to contend that the third and fourth factors weigh in favor class certification here.  He argues that it is unlikely that Bloomberg SDRs independently would bring claims against the defendant given the small amount

---

[2] Although Siegel initially contended that the class was "likely to exceed forty," he does not dispute the defendant's affirmation that there have been only thirty-three Bloomberg SDRs since the position was created in March 2010.  Instead, Siegel now argues that the thirty-three member class here is sufficient for

of individual recovery and risk of retaliation.  But Siegel has presented no evidence to support his claim that Bloomberg SDRs would be unable to join this lawsuit voluntarily or to file their own lawsuit.  Bloomberg SDRs are educated, skilled workers. Siegel also fails to demonstrate that the putative class members have any reason to, or do, fear retaliation by the defendant, particularly given that only eighteen Bloomberg SDRs are currently employed by the defendant.  There also does not appear to be any judicial economy to be gained from litigating this matter as a Rule 23 class.

Thus, Siegel has not shown that joinder is impractical. Since the numerosity requirement has not been met, it is unnecessary to consider plaintiff's remaining arguments with respect to class certification.

B.   FLSA Notice Authorization

The plaintiff also seeks leave to distribute collective action notice under the FLSA.  Siegel asserts that Bloomberg SDRs were paid by salary and assigned an eight-hour shift, five days a week.  They were expected to work around ten to fifteen minutes in advance of their shifts to check e-mail for "important information" and after the end of their shifts "to enter all notes and updates to our tickets and log out of Bloomberg's computer system."  Siegel contends that Bloomberg SDRs often also worked during the unpaid lunch hour period.  Bloomberg SDRs who

---

certification.

worked into the evening or on weekends were given "comp time," but were not paid for overtime work.  While Siegel did not work from home, he claims other Bloomberg SDRs did so regularly.

The FLSA regulates minimum and overtime wages paid by employers engaged in interstate commerce, among other practices. Grochowski v. Phoenix Const., 318 F.3d 80, 87 (2d Cir. 2003). The statute affords workers a right to sue on behalf of themselves and "other employees similarly situated" for violations of the minimum wage and overtime provisions of the FLSA.  See 29 U.S.C. § 216(b).  Potential plaintiffs in an FLSA collective action are required to "opt in" to the suit in order to benefit from the judgment.  Id. ("no employee shall be a party plaintiff to any such [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought").

Courts typically will authorize notice to potential plaintiffs of the pendency of the action and of their opportunity to opt in if the plaintiff makes a "modest factual showing that [he] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) (citation omitted). Although this "modest factual showing cannot be satisfied simply by unsupported assertions, . . . it should remain a low standard of proof because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact

7

exist."  Id. (citation omitted).  Then, following the notice period

> the court will, on a fuller record, determine whether a so-called "collective action" may go forward by determining whether the plaintiffs who have opted in are in fact "similarly situated" to the named plaintiffs. . . .  [I]f the record reveals that they are not, . . . the opt-in plaintiffs' claims may be dismissed without prejudice.

Id.  Given the "broad remedial purpose of the [FLSA], which should be given a liberal construction," Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978), FLSA plaintiffs are not required to show that putative members of the collective action are interested in the lawsuit in order to obtain authorization for notice of the collective action to be sent to potential plaintiffs.

At this preliminary stage, Siegel has satisfied his minimal burden of showing that he is "similarly situated" to the proposed class members to warrant distribution of notice of this FLSA action.  At its heart, this litigation will address the issue of whether Bloomberg SDRs should have been compensated as salaried employees or were entitled to an overtime wage.  Plaintiff's declaration demonstrates that he is similarly situated to other Bloomberg SDRs in respect to common wage and overtime practices.

CONCLUSION

Plaintiff's May 20, 2013 request for Rule 23 class certification is denied.  Plaintiff's request to distribute FLSA collective action notice is granted.  Pursuant to plaintiff's request, Bloomberg is ordered to produce the following contact information for all current and former Bloomberg SDRs employed since March 2010 in computer-readable form: names, addresses, and e-mail addresses.

SO ORDERED:

Dated:    New York, New York
          August 16, 2013

                                         _____
                                                 DENISE COTE
                                         United States District Judge